FEEDERS WAREHOUSE, INC., and
Harlan and Dorothy Siebert, d/b/a
Straightway Service, Appellants,

v.

Jack RADER, and R. B. and Charles L.
Hunze, d/b/a a partnership,
Respondents.

No. 42975.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 17, 1981.

David G. Beeson, Buerkle, Lowes & Beeson, Jackson, for appellants.

Raymond H. Vogel, Cape Girardeau, Michael A. Price, Richey & Price, Cape Girardeau, for respondents.

CLEMENS, Senior Judge.

Plaintiff grain dealers sued farm owners for unpaid purchases made by the farm operator. Plaintiffs appeal from judgment for defendants.

Plaintiff Feeders Warehouse, Inc., and plaintiffs Harlan and Dorothy Siebert in separate counts sued defendants Jack Rader and R. B. and Charles L. Hunze on account. Feeders sought $5,881 and the Sieberts $8,682 for sales made to Rader. Defendant Rader had operated the Hunze's farm on the basis of a 60%–40% share-of-profits arrangement. By this action plaintiffs seek judgment against defendants Hunze for Rader's 60% share of the purchases.

Plaintiffs had previously sued Rader for his 60% share of the feed they had furnished the farm and got judgment against him for that share. Plaintiffs admit defendants Hunze had paid plaintiffs 40% of their accounts. In plaintiffs' brief they admit getting the prior judgment against Rader and say he was included in the present law suit "only to prove up the issue of partnership". Judgment was for Rader in this action and plaintiffs do not challenge that ruling.

In this action plaintiff Harlan Siebert testified: Since the early '70s on Rader's orders he had sold feed for the Hunze farm, always billing Rader for 60% and the Hunzes for 40%; he kept separate ledger sheets accordingly; he never had any contact with the Hunzes; Rader never said he and the Hunzes were partners; by deposition Siebert had testified: "The Hunzes owe me nothing."; that suing the Hunzes was his lawyer's idea.

Corporate plaintiff Feeders Warehouse by its manager Gilbert Leimer testified: His first and only contact with the Hunze-Rader farm operation was with Rader who told him to bill purchases separately to him

for 60% and the Hunzes for 40%; he always did so; Rader had never said he and the Hunzes were partners; by deposition he was asked if the Hunzes now owe Feeders Warehouse anything; Leimer answered "no".

Defendant Rader testified that from the start he had told both plaintiffs Siebert and Leimer to bill him for 60% of purchases and the Hunzes for 40%, and they always did so. In purchasing the cattle for the farm Rader had given a separate mortgage on his 60% interest therein and the Hunzes had similarly given a separate mortgage on their 40% interest. Defendants Hunze testified their first notice plaintiffs were claiming money from them for Rader's share of the purchases was when this suit was filed.

Upon submission the trial court rendered its judgment, holding (1) in favor of defendant Rader on the ground plaintiffs already had judgment against him and (2) in favor of defendants Hunze on the ground no partnership existed between Rader and the Hunzes.

On appeal we consider that the trial court determines the credibility of witnesses and we accept as true all permissible inferences favorable to the prevailing parties. *Cusumano v. Outdoors Today, Inc.*, 608 S.W.2d 136[4–5] (Mo.App.1980). We may reverse the judgment only if there is no substantial evidence to support it or it erroneously declares or applies the law. *Pine Lawn Bank & Trust v. M. H. & H., Inc.*, 607 S.W.2d 696[1] (Mo.App.1980).

On this appeal plaintiffs contend the court erred in not finding for them because the evidence showed Rader and the Hunzes were partners and held themselves out as such, and plaintiffs relied on that relationship on extending credit. Not so. Evidence of the alleged partnership became known to plaintiffs only when discovery herein revealed the written agreement between Rader and the Hunzes; it specifically refuted a partnership but plaintiffs' lack of prior reliance thereon renders that issue moot.

In *Goodwin v. Winston*, 241 Mo.App. 357, 230 S.W.2d 793[5, 6] (1950), the court relied on a long line of Missouri cases and held: "The law is that if persons hold themselves out to be partners and deal with third persons, who rely upon that holding out to their detriment, they are liable as though they were partners in fact. But to hold them responsible for obligations so created, the third person must prove that they held themselves out, that he relied upon it and the obligation was the result of such reliance." The two essential elements are refuted by the record: Defendants did not hold themselves out to be partners, and even had they done so the plaintiffs failed to show they knew of or relied on such a holding out.

We find no error in the trial court's finding the Hunzes were not liable for Rader's debt.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.